UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 26-601-MWF (E) | **Date:** February 24, 2026 |
| **Title:** Adam Vitaev v. Fereti Semaia, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [2]

Before the Court is Petitioner Adam Vitaev's Motion for Temporary Restraining Order filed on February 10, 2026. (Docket No. 2). Respondents filed an Opposition on February 12, 2026. (Docket No. 6). Petitioner filed a Reply on February 13, 2026. (Docket No. 7).

The Motion is **DENIED**. Petitioner has not demonstrated a likelihood of success on his due process claim.

## I.   BACKGROUND

Petitioner is a native and citizen of the Russian Federation. (Petition (Docket No. 1) ¶ 2). Petitioner was paroled into the United States in December 2022 and applied for asylum shortly thereafter. (*Id.*). On March 14, 2024, Respondents initiated removal proceedings against Petitioner. (*Id.* ¶ 3).

On May 29, 2025, Petitioner was detained by Respondents. (*Id.* ¶ 4). Between this detention in May 2025 and his entry in December 2022, Petitioner alleges he maintained a clean criminal record and gained employment. (*Id.* ¶ 5). Petitioner alleges that he has "significant and meaningful community ties in the United States" but does not offer additional details on this point. (*Id.* ¶ 6).

While not discussed in his Motion, in his Petition, Petitioner mentions that he was afforded a bond hearing in November 2025, and the Immigration Judge ("IJ")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-601-MWF (E)                          Date:  February 24, 2026

Title:  Adam Vitaev v. Fereti Semaia, et al.

denied his release on bond, finding that Petitioner was a flight risk and a danger to the community.  (*Id.* ¶¶ 36, 87).

Based on the above allegations, Petitioner asserts multiple claims against Respondents: (1) due process and statutory violations in Petitioner's detention; (2) statutory and regulatory violations in the revocation of his parole; (3) and APA violations for the revocation of parole, arrest, and re-detention of Petitioner. (*Id.* ¶¶ 92-117).

## II.   LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-601-MWF (E)                              Date:  February 24, 2026
Title:  Adam Vitaev v. Fereti Semaia, et al.

## III.   DISCUSSION

One primary issue precludes affording Petitioner preliminary relief:  Petitioner's Motion wholly fails to account for, or even mention, the bond hearing that he was provided in November 2025 where the IJ found him to be a danger to the community and a flight risk.  (*See* Opp. at Ex. A).  Petitioner ignores this fact even though it bears on the likelihood of success under the *Mathews* analysis.

As to the likelihood of success on the merits, discussion of the procedures that were actually afforded to Petitioner seem important to assess both the risk of erroneous deprivation and the probable value of additional safeguards under the *Mathews* test for procedural due process violations.  *See Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1209-10 (9th Cir. 2022); *Aguilar v. Semaia,* CV 26-00023-MCS-SSC, 2026 WL 166906, at *4 (C.D. Cal. Jan. 16, 2026).  Indeed, in the cases cited by Petitioner himself, courts have regularly noted that petitioners were not afforded ***any ability*** to contest their detention, which led these courts to hold that there was a high risk of erroneous deprivation.  *See, e.g., Calderon*, 2025 WL 2430609, at *3-4;  *Lara v. Noem,* CV 25-3072-ODW (JCx), 2025 WL 3255001, at *4 (C.D. Cal. Nov. 19, 2025); *De Vasquez v. Chestnut,* CV 25-1999-JDP, 2026 WL 25539, at *4 (E.D. Cal. Jan. 5, 2026).  By contrast, Petitioner presents no case law where courts have found a likelihood of success despite the petitioner being provided a bond hearing.

The IJ's findings are also germane for assessing the third *Mathews* factor of the Government's countervailing interest.  As the Ninth Circuit has noted in assessing detention under § 1226(a), the Government has an interest in protecting the public from potentially dangerous individuals and from preventing individuals from absconding while their removal is pending.  *See Rodriguez Diaz,* 53 F.4th at 1208-09.  Petitioner cannot simply ignore the IJ's findings on both of these points when analyzing his likelihood of success under the *Mathews* test.

Perhaps naturally then, Respondents' Opposition argues that Petitioner is essentially asking the Court to overturn the IJ's determinations from that bond hearing, which Respondents argue the Court does not have jurisdiction to do.  (Opp. at 1-3).  While this Court and others have generally found jurisdiction to review procedural due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-601-MWF (E)**                              **Date:  February 24, 2026**
**Title:**  Adam Vitaev v. Fereti Semaia, et al.

process claims to detention, *see, e.g., Garro Pinchi v. Noem*, --- F. Supp. 3d ----, 2025 WL 3691938, at *9 (N.D. Cal. 2025),  the Court agrees that a different question potentially arises as to jurisdiction under § 1226(e) if Petitioner is primarily attempting to contravene the IJ's determination from his November bond hearing.  And again, Petitioner did not raise the fact of the bond hearing nor present any authorities supporting that he is likely to succeed on the merits of his claims despite the provision of the bond hearing, so the question remains whether and how § 1226(e) factors in to the analysis here.

Petitioner attempts to cure these deficiencies in his Reply by arguing that the determinations of the IJ in the November 2025 hearing were erroneous because the IJ did not comport with due process in evaluating the evidence at the bond hearing, so the Court should disregard the IJ's ruling.  (Reply at 6-8).  To the extent that an argument appears for the first time in a Reply, the Court need not consider it.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (explaining that a "district court need not consider arguments raised for the first time in a reply brief").  Moreover, these arguments implicate all of the weighty jurisdictional and administrative exhaustion issues raised in the Opposition.  The Court declines to consider these belatedly raised points without the benefit of fulsome briefing on the topic, where Petitioner himself has failed to argue this point in the first instance in the Motion.

In sum, Petitioner has not carried the burden of demonstrating a likelihood of success or serious questions on the merits to support preliminary relief because Petitioner ignores facts that militate against providing relief.  Having failed to carry the burden on this prong, the Court need not consider the other three *Winter* factors.  *See Baird v. Bonta,* 81 F.4th 1036, 1040 (9th Cir. 2023).

The Motion is therefore **DENIED.**

The Court is in no way suggesting that Petitioner cannot eventually succeed on his due process claim based on additional legal or factual developments on the merits.  As the parties are aware, this case has been referred to Magistrate Judge Charles F. Eick.  (Docket No. 3).  Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Eick for decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 26-601-MWF (E)          **Date:**  February 24, 2026

Title:  Adam Vitaev v. Fereti Semaia, et al.

    IT IS SO ORDERED.