UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM VITAEV,<br><br>            Petitioner<br><br>     v.<br><br>FERETI SEMAIA, Warden,<br>Adelanto ICE Processing Center, et al.,<br><br>            Respondents. | Case No. EDCV 26-0601-MWF (E)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Docket No. 1), Answer (Docket No. 12), Traverse (Docket No. 15), Report and Recommendation of United States Magistrate Judge ("Report"; Docket No. 17), Petitioner's Objections to the Report ("Objections"; Docket No. 18), and the other relevant records on file.

Petitioner generally repeats the argument from the Petition and Traverse that the Immigration Judge ("IJ")'s dangerousness finding constituted an abuse of discretion. *Compare* Docket No. 1 at 8, 10, 22-23, 28 & Docket No. 15 at 4, 10-12, 20 *with* Docket No. 18 at 5-7; *see Alcazar v. Cantu*, No. CV-24-03342-PHX-JAT, 2025 WL 2304357, at *1 (D. Ariz. Aug. 11, 2025) ("simply repeating arguments made in the petition is not a proper objection" (internal quotation marks and citation

omitted)).  Moreover, while Petitioner also purports to object to the Report's conclusions regarding the IJ's flight risk, he only discusses the IJ's reasoning that removal relief is speculative (Docket No. 18 at 4, 7-8), and not the other reasons the IJ relied on: Petitioner's lack of ties to the United States and the relative recency of his residence (Docket No. 12-1 at 3-4; Docket No. 17 at 2-3).  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute [pertaining to objections review] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *see also* (Docket No. 16 ("Failure to object within the time limit specified shall be deemed a consent to any proposed findings of fact.")).  Those reasons alone are sufficient to support the IJ's flight-risk determination.

On the last day to file objections, Petitioner filed "Supplemental Evidence in Support of Petition" (Docket No. 19), and well after objections were due he filed a "Second Supplemental Evidence in Support of Petition" (Docket No. 20).  Petitioner neither sought leave to file supplemental evidence, nor requested judicial notice of the proposed documents.  Further, the Court notes that earlier in these proceedings Petitioner similarly attempted to belatedly raise arguments supporting his request for a temporary restraining order.  (Docket No. 8 at 4).  For similar reasons, the Court concludes that this new evidence is offered too late in the proceedings.  *See, e.g., Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court is not required to consider evidence presented for the first time in objections); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (generally, the court must limit its review to the operative pleading), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F. 3d 1119, 1125 (9th Cir. 2002); *Lutz v. Valenzuela*, No. CV 11-104-CBM PJW, 2013 WL 5539551, at *3 n.6 (C.D. Cal. Oct. 3, 2013) (electing not to consider arguments and evidence raised for the first time in objections).

Even if these submissions were properly before the Court, they offer material that is not sufficiently pertinent to the specific findings in Petitioner's case.  Much of

the "evidence" includes internet printouts of news articles, such as article about Immigration and Customs Enforcement activity in Alaska (Docket No. 19 at 3, 6-21), and articles about immigration courts and hearings in Massachusetts and other states (Docket Nos. 20-2, 20-3), that simply have no direct bearing on the findings in Petitioner's case.  *See, e.g., E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 675-76 (9th Cir. 2021) (Government's citation to Washington Post article on immigration policy insufficient to support argument, as it was not directly related issue before the court).  Finally, while Petitioner proffers a declaration from a Ph.D. candidate who reviewed bond hearing outcomes and found bond denial has shifted at the Adelanto Detention Facility—in particular the IJ who presided over Petitioner's bond hearing allegedly had "one of the largest increases in bond denials" (Docket No. 20 at 2; Docket No. 20-1)—that in no way shows the IJ abused his discretion in Petitioner's individual case here, or that Petitioner's Constitutional rights were violated such that he is entitled habeas relief.  *See Rasul v. Bush*, 542 U.S. 466, 473 (2004); 28 U.S.C. § 2241(a), (c)(3).

**IT IS THEREFORE ORDERED** that:

(1) the Objections are **OVERRULED**;

(2) the Report is **ACCEPTED**;

(3) the Petition is **DENIED** and **DISMISSED** with prejudice;

(4) judgment is to be **ENTERED** accordingly; and

(5) the Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

Dated: June 18, 2026

_____
MICHAEL W. FITZGERALD
United States District Judge